## HAYDEN *vs.* DAVIS.

### *Twelfth Judicial District Court, May,* 1857.

#### REPLEVIN—BAILEE.

In an action to recover personal property, the only essential parts are, that the defendant has in his possession property belonging to the plaintiff, which he wrongfully refuses to deliver up. The mode in which he obtained possession is an immaterial fact and need not be proven as alleged.

An action for claim and delivery of personal property, most nearly resembles the old action of detinue.

The bailee is estopped from setting up title in a stranger, and there is no exception to the rule, even when the bailor has no title or right of possession, and has obtained possession tortiously and fraudulently, and the bailee is notified of the bailor's want of title, and delivery to the bailor is forbidden by the person having the title and right of possession.

This was an action brought to recover the possession of personal property, and damages for the taking and detention thereof.

The complaint alleges a wrongful taking ; does not allege where taken or detained, and does not state the value of the property.

The other facts are stated in the opinion of the Court.

*J. B. Hart*, for plaintiff.

*Bristol & Spencer*, for defendant.

NORTON, J.—The plaintiffs, by one of their firm, commenced a negotiation with Uriah Edwards at Petaluma, for the purchase of a quantity of wheat, and, before the bargain was completed, took the wheat from the premises of Edwards in his absence, and subsequently delivered it to the defendant, to be transported to San Francisco and there to be delivered to the plaintiffs. The wheat was brought to San Francisco by the defendant, and there Edwards interfered and demanded the property, and forbade its delivery to the plaintiffs. The defendant thereupon, refused to deliver the wheat to the plaintiffs, when this action was brought to recover it, in which the defendant sets up the title and claim of Edwards as a defense.

An objection is taken to the recovery under the complaint in this action, because the wheat is alleged to have been wrongfully taken by the defendant from the plaintiffs, whereas the proof is that it was delivered to him as a bailee. Under the old system of pleadings, this objection, in some actions, would be fatal, but in our action to recover personal property, the only essential facts are that the defendant has in his possession property belonging to the plaintiff which he wrongfully refuses to deliver up. The mode in which he obtained possession, is immaterial, and an erroneous statement of this immaterial fact, may be disregarded.

In the old action of detinue, which our action most closely resembles, the allegation that the property came to the defendant's hands by finding, was not traversable, and was scarcely ever true in fact.

On the merits, the plaintiffs claim that the defendant is estopped from setting up the title of a third person against the persons from whom he received the property as a bailee.

The general rule of law is well settled to this effect upon authority, but it is said an exception exists in a case where the bailor obtained the possession of the property wrongfully, and two cases are cited to

support the proposition. One of these cases, (9 Bingham, 378, note,) was a controversy between the assignee of a bankrupt and a person who had obtained possession of the property by collusion with the bankrupt, and delivered it to a bailee, and the decision appears to have been influenced by the peculiar relation of the parties, and character of the fraud, and made without consideration. The other case (9 Wharton, 418,) is very much in point, and the subject is examined at large by Judge Kennedy. His reasoning, however, would go not merely to establish the exception, but to overthrow the rule,—although he acquiesces in the soundness of the rule. And indeed, it is not easy to see any reason why a bailee should be estopped from showing a want of title in his bailor on any ground, if he is allowed to do it on some particular ground. I think the rule must stand in its integrity, or be displaced altogether. In that case, the property had been actually delivered up to the rightful owner before the suit was brought, which is not the case in this, and although the judge does not make that a controlling circumstance, I think it sufficient to detract much from the influence of that case, as applicable to this. He admits that the bailor should not be allowed of his own motion, to set up the title of a third person, and there does not appear to be any substantial difference between that and setting up the title, with the addition that a claim has been made under it. At least, the bailee should transfer the property to the rightful owner, either voluntarily or by coercion of law, before he can be heard to dispute the title of the persons from whom it was received.

There must be finding that the plaintiffs are entitled to a judgment for the possession of the property, or its value in case a delivery can not be had.